IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY LEE JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CITY OF CLEVELAND, MICHAEL McGRATH, CALVIN WILLIAMS, TIMOTHY GAERTNER, WILLIAM STANTON, JAMES BELLOMY, DONALD TAYLOR, INFOWARS, LLC, ALEX JONES, JOSEPH BIGGS, JORDAN SALKIN, and JOHN DOES 1-6,<br><br>    Defendants. | CASE NO.: 1:18-CV-00076<br><br>JUDGE: SOLOMON OLIVER, JR. |

**MEMORANDUM IN SUPPORT OF DEFENDANTS
INFOWARS, LLC AND ALEX JONES' MOTION TO DISMISS**

*Of Counsel:*

Mark I. Bailen (not admitted OH)
Email: mbailen@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W., Suite 1100
Washington, DC  20036-5403
202.861.1715 / Fax 202.861.1783

Patrick T. Lewis (0078314)
Email:  plewis@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
216.621.0200 / Fax 216.696.0740

*Counsel for Defendants, Infowars, LLC, Alex Jones, and Joseph Biggs*

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................................ ii

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................3

III. LAW AND ARGUMENT ......................................................................................................5

        A. Standard of review ......................................................................................................5

        B. The FAC should be dismissed as to Infowars and Mr. Jones because Mr. Johnson fails to make any allegations against them. ................................................6

        C. Mr. Johnson's claims are time-barred. .......................................................................8

        D. Mr. Johnson's claims should be dismissed for at least three additional reasons. ......................................................................................................................10

            1. Reports to police of potential crime are absolutely immune from civil liability under Ohio law. ................................................................................10

            2. Mr. Johnson's claims require that the defendants first be convicted of a crime. ............................................................................................................10

            3. Mr. Johnson's intimidation claims under R.C. 2921.03(A) fail as a matter of law. ................................................................................................11

IV. CONCLUSION .....................................................................................................................11

CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1 ...............................................11

CERTIFICATE OF SERVICE .........................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................5, 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................................................5

*State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*,
   8th Dist. No. 104157, 2017-Ohio-7727 ..................................................................................9

*Doe v. Archdiocese of Cincinnati*,
   109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268 ..........................................................9

*Duffey v. Pope*,
   No. 2:11-cv-16, 2012 WL 4442753 (S.D. Ohio Sept. 25, 2012) .............................................9

*Gauvin v. Trombatore*,
   682 F. Supp. 1067 (N.D. Cal. 1988) .......................................................................................6

*Grissom v. City of Sandusky*,
   No. 3:12-cv-2504, 2013 WL 3581119 (N.D. Ohio July 11, 2013) .........................................6

*Hensley Mfg. v. ProPride, Inc.*
   579 F.3d 603 (6th Cir. 2009) ...............................................................................................6, 8

*Kurek v. Ohio Dep't of Developmental Disabilities*,
   No. 3:16-cv-623, 2017 WL 1555930 (N.D. Ohio Jan. 20, 2017) ...........................................6

*Reilly v. Vadlamudi*,
   680 F.3d 617 (6th Cir. 2012) ..................................................................................................6

*Steinbrick v. Cleveland Elec. Illuminating Co.*,
   8th Dist. Cuyahoga No. 66035, 1994 WL 463817 (Aug. 25, 1994) .......................................9

*Texas v. Johnson*,
   491 U.S. 397 (1989) ................................................................................................................4

*Tri-State Computer Exch., Inc. v. Burt*,
   1st Dist. Hamilton No. C-020345, 2003-Ohio-3197 ...............................................................9

**Statutes**

R.C. 2305.11(A) ..................................................................................................2, 8, 9, 10

R.C. 2307.60(A) ............................................................................................................... *passim*

R.C. 2921.03 .................................................................................................................... *passim*

R.C. 2921.12 ............................................................................................................................ 1, 7

R.C. 2921.13 ............................................................................................................................ 1, 7

**Rules**

Fed. R. Civ. P. 12 .................................................................................................................... 5, 11

**I.     INTRODUCTION**

Plaintiff Gregory Lee Johnson's claims against Infowars, LLC ("**Infowars**") and Alex Jones should be dismissed. The claims are factually and legally unsupported, and appear to have been asserted solely to harass Mr. Jones for holding political beliefs Mr. Johnson apparently dislikes. If Ohio had an anti-SLAPP law, this case would be tailor-made for it.

Mr. Johnson's *First Amended Complaint* (ECF No. 2) (the "**FAC**") complains that the Cleveland police unlawfully arrested him for burning a flag at the 2016 Republican National Convention. He seeks an award of damages from the City of Cleveland and some of its employees (the "**City Defendants**") for allegedly violating his civil rights in the incident.

In a bizarre twist, Mr. Johnson *also* sued Infowars, its owner, Mr. Jones, a former Infowars employee, Joseph Biggs, and another person, Jordan Salkin (who he incorrectly associates with Infowars, but is not and never has been an Infowars employee). The sole basis for his claims against Infowars and Mr. Jones is the allegation that Mr. Biggs made an allegedly false report to the Cleveland police that, during the protest, he was burned by Mr. Johnson's smoldering flag.

Mr. Johnson alleges that Mr. Biggs' allegedly false report constitutes the commission of multiple *felony crimes* by Mr. Jones and Infowars LLC – intimidation (R.C. 2921.03), tampering with evidence (R.C. 2921.12), and falsification (R.C. 2921.13) – for which he seeks to recover civil damages. For the reasons that follow, Mr. Johnson's claims fail as a matter of law and should be dismissed.

First, and foremost, the FAC fails to make a single factual allegation to plausibly support a claim against Infowars and Mr. Jones for any wrongful conduct. Mr. Johnson does not (and cannot) allege that Infowars or Mr. Jones participated in the creation or submission of the allegedly false report to the City Defendants. The inclusion of these defendants in this lawsuit serves only

to harass and intimidate them. Mr. Johnson is not entitled to enlist the aid of a federal court to harass parties whose politics he dislikes.

Second, Mr. Johnson's claims are time-barred. They arise out of the alleged July 2016 submission of the disputed reports to police. His claims are governed by a one-year statute of limitations. R.C. 2305.11(A). Because Mr. Johnson did not file this action until January 2018, his claims against Infowars and Mr. Jones are stale and must be dismissed.

Third, Ohio law affords absolute immunity from civil liability to those who make reports of potential crime to police. The Ohio Supreme Court has recognized this immunity is necessary to encourage citizens to make reports to law enforcement to facilitate the administration of justice. Mr. Johnson's claims constitute an attempt to impose civil liability on Infowars and Mr. Jones for Mr. Biggs' alleged report to Cleveland police officers who were investigating the protest Mr. Johnson instigated. His claims are barred by absolute immunity and should be dismissed.

Fourth, Mr. Johnson's claims require that the defendants first be convicted of a crime. Under R.C. 2307.60(A) crime victims in certain cases may recover civil damages from the criminal arising out of the criminal act. However, as this and other courts have repeatedly held, a claim under R.C. 2307.60(A) is viable only if the defendant was convicted of a crime. Here, none of the Defendants has been charged with, let alone convicted of, any crime in this matter, and accordingly Counts XIII, XV, and XVII should be dismissed as against Infowars and Mr. Jones.

Fifth, Mr. Johnson has failed to state plausible intimidation claims under R.C. 2921.03(A). Intimidation claims require the exertion of pressure, threats, harassment, or similar conduct by the defendant upon a public servant. Nothing like that is alleged here. Mr. Johnson's theory is simply

2

not supported by sufficient factual allegations regarding Mr. Jones or Infowars to state a plausible claim that complies with federal pleading standards.[1]

At bottom, Mr. Johnson has wholly failed to plead viable claims against Infowars or Mr. Jones. The FAC is brimming with gratuitous smears against them, calling them "political extremists" and "snake-oil" salesmen, (*see* FAC ¶ 11, 27-29), but a federal lawsuit is not a venue for the political theater that Mr. Johnson is attempting here. The Court should dismiss Infowars and Mr. Jones from this case with prejudice.

## II. BACKGROUND

Mr. Jones is a journalist, commentator, filmmaker, and the host of a radio show syndicated on radio stations across the United States. The central focus of his work over the past twenty years has been the abuse of power by governments, corporations, and the well connected. He strives to promote a culture of liberty, transparency, and freedom that empowers all persons, not simply the elite class. Mr. Jones publishes Infowars, a leading news website, and operates Infowars, LLC. Mr. Biggs is a former employee of Infowars and was so employed in 2016 during the Republican National Convention.

Mr. Johnson is a protester and supporter of the "Revolutionary Communist Party" who has a history of burning the American flag at Republican National Conventions. (*See* FAC at ¶ 33, 60, 62). In response to his 1984 protest, the Supreme Court held that flag-burning was protected expressive conduct, but also affirmed that a state could proscribe expressive conduct that was "directed to incit[e] or produc[e] imminent lawless action and is likely to incite or produce such

---

[1] The arguments supporting the third, fourth, and fifth points are further articulated in *Defendant Joseph Biggs' Motion to Dismiss*, filed contemporaneously herewith (the "**Biggs Motion**"). As discussed below, Infowars and Mr. Jones hereby adopt and incorporate herein by reference those arguments in the Biggs Motion.

3

action." *Texas v. Johnson*, 491 U.S. 397 (1989), quoting *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969).

Mr. Johnson decided to burn a flag at the 2016 Republican National Convention, and the "Revolution Club" – an organization apparently affiliated with the Revolutionary Communist Party – issued a press release detailing his plan to burn a flag "near the corner of East 4th Street and Prospect Avenue," an intersection very near the site of the Convention. (FAC at ¶ 60-63). Mr. Johnson alleges that the Cleveland Division of Police took notice of his plan, discussed him and his associates internally, and decided to "tail" him to his protest because they were ideologically opposed to flag-burning. (*Id.* at ¶ 70-74).

Mr. Johnson then alleges that he traveled with a group of protesters to the designated intersection and one of his colleagues lit the flag ablaze. (*Id.* at ¶ 79-82). The police intervened, "forcibly dragging [Johnson] to the ground" to effect an arrest. (*Id.* at ¶ 86). Mr. Biggs and Mr. Salkin were present for these events, and allegedly were involved in the scuffle. (*Id.* at ¶ 88).

Mr. Johnson claims he was immediately arrested for the act of burning the flag—he alleges one of the officers was told flag-burning was illegal moments before the incident. (*Id.* at ¶ 75). Then, Mr. Johnson claims,

> The City … took him into custody, and held him for 24 hours while it scrambled to identify a legal basis to justify his arrest. It did not attempt to verify the alleged self-immolation in which Mr. Johnson had supposedly engaged and that it was then using to justify Mr. Johnson's arrest. Instead, the City held Mr. Johnson as long as it could—through day four of the Convention—as it explored a series of bogus charges in drafted—and discarded—police reports. (*Id.* at ¶ 98)

In particular, Mr. Johnson alleges that he was charged with assault as a "sham" charge "only after a desperate race to find one that might best permit them to save face for his unlawful detention." (*Id.* at ¶ 103).

Mr. Johnson claims that Mr. Biggs and/or Mr. Salkin harmed him in connection with these events by submitting a false report to the Cleveland police, after his arrest, that they had received burns during the flag-burning protest. In relevant part, Mr. Johnson alleges that after he was arrested, Mr. Biggs allegedly burned himself, sought medical treatment for the burn, and then provided false medical reports and statements to the police. (*Id.* at ¶ 96, 108). Oddly, he even claims Mr. Biggs provided video footage of the flag-burning protest from his body-worn camera—footage that presumably would have undermined his alleged report if it was indeed false. (*Id.* at ¶ 108). Mr. Johnson then claims that the medical report and flash drive footage were misplaced, while in police custody, at an unknown time after the incident. (*Id.* at ¶ 124). Significantly, Mr. Johnson does *not* allege that Infowars or Mr. Biggs played any role in the alleged conduct by Mr. Biggs. Mr. Johnson alleges that these allegedly false medical reports were used to support the criminal complaint filed against him on July 21, 2016. (*Id.* at ¶ 118-119 and Ex. 7).

### III. LAW AND ARGUMENT

#### A. Standard of review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This "plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. The allegations must "nudge[ ]" the plaintiff's "claims across the line" from conceivable to plausible. *Twombly*, 550 U.S. at 547; *Iqbal*, 556 U.S. at 680. Moreover, the Court should not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Neither formulaic recitations of legal elements nor naked assertions devoid of factual

5

enhancement are sufficient. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")

### B. The FAC should be dismissed as to Infowars and Mr. Jones because Mr. Johnson fails to make any allegations against them.

To begin, all of Mr. Johnson's claims against Infowars and Mr. Jones should be dismissed because Johnson makes *no* factual allegations to plausibly support any of his claims against them, as federal pleadings standards require.

A plaintiff must assert "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678. While "a complaint need not contain 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Reilly v. Vadlamudi,* 680 F.3d 617, 622 (6th Cir. 2012), quoting *Twombly,* 550 U.S. at 555. *See also Hensley Mfg. v. ProPride, Inc.* 579 F.3d 603, 609 (6th Cir. 2009) (a claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

In particular, a complaint fails to meet minimum pleading standards where "all defendants are lumped together in a single, broad allegation" without sufficient factual allegations stated against each defendant. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). *See also Grissom v. City of Sandusky*, No. 3:12-cv-2504, 2013 WL 3581119, *3-4 (N.D. Ohio July 11, 2013) (dismissing claims against County where the allegations against the County were "lumped together with those against the city" but no specific County employee misconduct alleged). "[C]onclusory allegations of collective, unspecified, and undifferentiated wrongdoing is not sufficient" to meet pleading requirements. *Kurek v. Ohio Dep't of Developmental Disabilities*, No.

6

3:16-cv-623, 2017 WL 1555930, *6 (N.D. Ohio Jan. 20, 2017) (dismissing claims where plaintiff failed to attribute specific acts to each defendant named).

Mr. Johnson's FAC alleges four causes of action against the "Infowars Defendants," all of which derive from three Ohio felony statutes. Since a private citizen lacks standing to directly enforce a criminal statute, Mr. Johnson instead invokes R.C. 2307.60(A), which provides that "anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action" against a criminal for losses incurred in the crime.

The first of the three felony statutes, R.C. 2921.03(A), prohibits intimidation, and reads in pertinent part as follows: "No person, … shall attempt to influence, intimidate, or hinder a public servant , party official, or witness in the discharge of the person's duty." The second statute, R.C. 2921.12, forbids tampering with evidence, and provides: "No person…shall do any of the following: * * * (2) Make, present, or use any record, document, or thing, knowing it to be false and with a purpose to mislead a public official…" R.C. 2921.12(A)(2). The third statute, R.C. 2921.13 prohibits "falsification" as follows:

> (A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies: * * *
>
> (2) The statement is made with purpose to incriminate another.
>
> (3) The statement is made with purpose to mislead a public official in performing the public official's official function.

The common thread running through these statutes is that they prohibit a "person" from knowingly making or presenting a false statement or document for defined, unlawful purposes.

Mr. Johnson's entire case is built on alleged written and/or oral statements made by Mr. Biggs and/or Mr. Salkin to the Cleveland police. He specifically alleges that after his arrest, "Defendant Biggs conspired with Defendant Salkin and the City Defendants to submit a false

7

report about injuries his claimed injuries [sic], and retaliate against Mr. Johnson for burning the flag." (FAC ¶ 89). Mr. Johnson then claims Mr. Biggs and Mr. Salkin provided "false oral reports to medical and law-enforcement personnel" as well as false "written documents" and false "medical reports." (*Id.* at ¶ 94, 96). *Nowhere* in the FAC—not in its 48-page, 271-paragraph body, and not in its over 100 pages of transcripts and other exhibits—is there *any* allegation that Mr. Jones or Infowars made any statements to the Cleveland police at all. His FAC is abundantly clear the disputed statements were allegedly made by Mr. Biggs or Mr. Salkin and by them alone.

Indeed, the FAC makes *no specific allegations* of relevant conduct by Mr. Jones or Infowars whatsoever. Instead, Mr. Johnson, in pleading his causes of action, simply lumps all the "Infowars Defendants" together in his boilerplate allegations, e.g., that "Defendants filed or submitted false writings with malicious purpose, in bad faith, and in a reckless manner in an attempt to influence public servants to prosecute and convict Mr. Johnson, including by fabricating accounts of injuries and submitting false medical reports." (FAC ¶ 214). (*See also id.* at ¶ 227, 240, 251) (similar allegations). As there are no facts plead against Mr. Jones or Infowars sufficient to allow this Court to draw any inferences about their liability, or to state a claim that is plausible on its face, *see Hensley Mfg.*, 579 F.3d at 609, the FAC should be dismissed as against them in its entirety.

C.  **Mr. Johnson's claims are time-barred.**

Mr. Johnson's claims against Infowars and Mr. Jones all turn on the application of R.C. 2307.60(A) or the equivalent statute built into Ohio's intimidation statute, R.C. 2921.03(C).

These claims are all time-barred under Ohio law. R.C. 2305.11(A) establishes a one-year statute of limitations for "an action upon a statute for a penalty or forfeiture." Courts have held that R.C. 2307.60(A) constitutes a penalty statute, because it permits recovery of costs and punitive damages, and that R.C. 2305.11(A)'s one-year statute of limitations therefore applies to a claim

8

under R.C. 2307.60(A). *See, e.g., Steinbrick v. Cleveland Elec. Illuminating Co.*, 8th Dist. Cuyahoga No. 66035, 1994 WL 463817, *2 (Aug. 25, 1994); *State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. No. 104157, 2017-Ohio-7727, ¶ 131 (reconsideration); *Duffey v. Pope*, No. 2:11-cv-16, 2012 WL 4442753, *7 (S.D. Ohio Sept. 25, 2012). While there do not appear to be cases discussing R.C. 2921.03(C), that statute, like R.C. 2307.60(A), provides for costs and punitive damages and should similarly be construed as a penalty statute subject to R.C. 2305.11(A)'s one-year statute. Accordingly, to be timely, Mr. Johnson had to have brought his claims within one year of when the claims accrued.

It is apparent from the face of the pleadings that Mr. Johnson failed to timely assert his claims. "Ordinarily, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 21. Here, the allegedly wrongful act occurred, at the latest, by July 21, 2016, by which point Mr. Johnson alleges that Messrs. Biggs and Salkin made the report of the burn to the police. (*See* FAC at ¶ 90-96, 105, 119). One court has found a claim under R.C. 2307.60(A) accrues, at the latest, when the plaintiff began to "suffer the injury" for which it sued. *Tri-State Computer Exch., Inc. v. Burt*, 1st Dist. Hamilton No. C-020345, 2003-Ohio-3197, ¶ 24. This, too, would have accrued by July 21, 2016, as Mr. Johnson immediately felt the effect of the alleged report due to the reference to the burn allegation in the City's arrest affidavit and criminal complaint. (*See* FAC at Exs. 7 and 8). Similarly, the allegations of the FAC establish that Mr. Johnson was aware of the report during 2016, as his attorney was corresponding with the prosecutor concerning the alleged report, and Mr. Johnson claims to have repeatedly attacked the credibility of Mr. Biggs and Mr. Salkin to the City. (*See id.* at ¶ 124-125).

Any way one analyzes them, Mr. Johnson's claims against Infowars and Mr. Jones accrued, at the latest, by July 21, 2016, and suit had to be commenced by July 2017. The initial Complaint in this matter, however, was not filed until January 10, 2018—more than one year after his claims accrued. (*See* ECF No. 1, Compl.). The claims are therefore stale and must be dismissed. R.C. 2305.11(A).

### D. Mr. Johnson's claims should be dismissed for at least three additional reasons.

#### 1. *Reports to police of potential crime are absolutely immune from civil liability under Ohio law.*

The Ohio Supreme Court has recognized that immunity is necessary to encourage citizens to make reports to law enforcement to facilitate the administration of justice. Mr. Johnson's claims constitute an attempt to impose civil liability on Infowars and Mr. Jones for Mr. Biggs' alleged report to Cleveland police officers who were investigating the protest Mr. Johnson instigated. As set forth in the Biggs Motion, Section III(C) (which is adopted and incorporated by reference herein), these claims are barred by absolute immunity and should be dismissed. Because the claims against Infowars and Mr. Jones are wholly derivative of the claims against Mr. Biggs, the claims must also be dismissed.

#### 2. *Mr. Johnson's claims require that the defendants first be convicted of a crime.*

As set forth in the Biggs Motion, Section III(D) (which is adopted and incorporated by reference herein), this court and others have repeatedly held that a claim under R.C. 2307.60(A) is viable only if the defendant was convicted of a crime. Because none of the Defendants has been charged with or convicted of any crime in this matter, Counts XIII, XV, and XVII should be dismissed as against Infowars and Mr. Jones.

10

   3. *Mr. Johnson's intimidation claims under R.C. 2921.03(A) fail as a matter of law.*

As set forth in the Biggs Motion, Section III(E) (which is adopted and incorporated by reference herein), intimidation claims require the exertion of pressure, threats, harassment, or similar conduct by the defendant upon a public servant. Neither Mr. Jones nor Infowars had any interaction with a public servant and the FAC does not (and cannot) allege that they did. There is simply no factual basis supporting a finding that they exerted pressure, threats or harassment on a public official to state a plausible claim that complies with federal pleading standards.

## IV. CONCLUSION

For the reasons set forth above, Infowars and Mr. Jones respectfully submit that the Court dismiss all the claims asserted against them in the FAC pursuant to Rule 12(b)(6), with prejudice.

Dated: May 14, 2018        Respectfully submitted,

*Of Counsel:*

Mark I. Bailen (not admitted OH)
Email: mbailen@bakerlaw.com
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W., Suite 1100
Washington, DC  20036-5403
202.861.1715 / Fax 202.861.1783

*/s/ Patrick T. Lewis*
Patrick T. Lewis (0078314)
Email:  plewis@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
216.621.0200 / Fax 216.696.0740

*Counsel for Defendants, Infowars, LLC, Alex Jones, and Joseph Biggs*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

This case has not been assigned to a Track and the undersigned hereby certifies that this Memorandum adheres to the pages limitations set forth in N.D. Ohio R. 7.1(f).

                 */s/ Patrick T. Lewis*
                 Patrick T. Lewis

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on May 14, 2018 using this Court's electronic filing system. Notice of this filing will be sent to all counsel via the Court's electronic system. Counsel can retrieve the filing using the Court's system.

/s/ *Patrick T. Lewis*
Patrick T. Lewis

108858.000004 4847-6608-6501